# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JONATHAN NATHAN BROCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-04036-NKL |
| JANE SPALDING, et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants Jane Spalding, Cheryl Scherer, Douglas Prudden, and Alan Earls' Motion to Dismiss, Doc. 8. For the following reasons, the motion is granted.

**I.     Background[1]**

From October 2013 until December 2016, Plaintiff Jonathan Nathan Brock was an inmate at Tipton Correctional Center. During that time, he was continuously subjected to secondhand smoke from fellow inmates using tobacco. As a result, he suffered from extreme stress, anxiety, and fear, and attempted to eliminate the sale of tobacco products at TCC, transfer out of TCC, or create a separate non-smoking dormitory. Each of the Defendants worked at TCC, and were aware of Plaintiff's experiences and his attempts to find a solution, but refused to provide relief. In February 2018, after he was released, Plaintiff filed suit against the Defendants, alleging Eighth Amendment deliberate indifference. The only relief that Plaintiff seeks is damages.

Defendants filed the present motion to dismiss on March 28, 2018. Plaintiff's opposition brief was due on April 11, 2018. When no opposition was filed, the Court ordered Plaintiff to

---

[1] The facts are found in Plaintiff's Complaint. Doc. 4. For purposes of deciding the Motion to Dismiss, the Court accepts Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *See Stodghill v. Wellston Sch. Dist.*, 512F.3d 472, 476 (8th Cir. 2008).

show cause why the Defendants' motion should not be granted, on or before May 4, 2018. The Court also explained to Plaintiff that if he failed to comply, his complaint may be dismissed without further notice. The Court's Order was sent to Plaintiff via regular and certified mail, and a green card showing that Plaintiff received the Order was docketed on ECF on April 27, 2018.[2] Plaintiff failed to respond.

## II. Discussion

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment, which prevents damages claims against state officials in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[T]he Eleventh Amendment bars a damages action against a State in federal court. . . . This bar remains in effect when State officials are sued for damages in their official capacity."). Although the Eleventh Amendment does not prevent damages claims against state officials in their personal capacity, "absent a clear statement that officials are being sued in their

---

[2] Although the Clerk of Court noted that the signature on the green card is "not legible," the signature on the green card matches Plaintiff's signature on the Complaint. *Cf.* Docs. 4 and 14.

personal capacities," courts must "interpret the complaint as including only official-capacity claims." *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)).

Plaintiff brings only one claim against each of the four Defendants: Eighth Amendment deliberate indifference. He fails to specify whether his claims are brought against the Defendants in their personal capacities or their official capacities, and therefore the Court must treat them all as official capacity claims.[3] Accordingly, because the only relief that Plaintiff seeks is damages, all of his claims are barred by the Eleventh Amendment. *See Graham*, 473 U.S. at 169 (finding that "an official-capacity action for damages could not have been maintained against [the state official] in federal court"). As Plaintiff's claims are barred, the Motion to Dismiss must be granted, and the Court need not decide whether the Plaintiff sufficiently pleaded his claims.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss, Doc. 8, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 19, 2018
Jefferson City, Missouri

---

[3] Although Plaintiff was on notice of this issue, Plaintiff did not file a response to the Defendants' Motion to Dismiss and did not file a request to amend his complaint.